Mastan SINGH, Petitioner,

v.

The BOARD OF IMMIGRATION APPEALS, Respondent.

No. 04–3121–AG.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

---

Mastan Singh, Flushing, New York, for Petitioner, pro se.

Christopher J. Christie, United States Attorney for the District of New Jersey, Eugenia A.P. Cowles, Assistant United States Attorney, Trenton, New Jersey, for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mastan Singh, *pro se*, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The IJ made an adverse credibility finding in this case, which was heavily based on the U.S. Department of State's determination that one of Singh's documents submitted in support of his application, a letter from a doctor in India documenting his physical injuries, was fraudulent. The submission of the fraudulent document renders the claim subject to an adverse credibility finding. *In Re O–D–, 21 I & N Dec. 1079, 1083, 1998 WL 24904 (BIA 1998); Bropleh v. Gonzales, 428 F.3d 772, 776 (8th Cir.2005); Selami v. Gonzales, 423 F.3d 621, 625 (6th Cir.2005); Yongo v. INS, 355 F.3d 27, 33 (1st Cir.2004); Akinmade v. INS, 196 F.3d 951, 956 (9th Cir. 1999).* Because it does not appear that the letter from Dr. Singh was necessary in facilitating his travel from India, such that the submission of the fraudulent document could possibly be justified, and because Singh did not provide a reasonable explanation for why a fraudulent document was submitted, the IJ properly based the adverse credibility finding on this.

The IJ also found that Singh's testimony was inconsistent regarding the reasons for his 1998 arrest. In his asylum application, Singh implied that he was arrested in 1998 because he participated in a rally in sup-

**144**

port of an Akali Dal Mann martyr a few days earlier. In his testimony, however, Singh stated that he was arrested in 1998 because the police suspected him of being involved with terrorists. He also testified that he was no longer involved with political activities in 1998, and he was unable to explain why his testimony differed from his asylum application. The record clearly indicates that the statements of Singh were inconsistent with regard to his 1998 arrest.

The IJ's findings regarding the fraudulent document and the inconsistency regarding Singh's 1998 arrest are supported by the record and sufficient to support the adverse credibility finding. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005). Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Singh does not challenge the denial of his CAT claim before this Court, and it is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).